# Summerville *versus* Painter.

*Submission to Arbitrators, binding effect of.—Exception dehors the Record not reviewed in this Court.*

1. A submission to arbitrators, signed by R. P., the plaintiff, and J. S., the defendant in one action, is valid so far as relates to that suit, though it included another case, in which J. S. was plaintiff, and R. P. and J. P. defendants, only one of whom had signed.

2. Exceptions which relate to facts not appearing on the record will not be considered on writ of error.

ERROR to the Common Pleas of *Jefferson county*.

In the Common Pleas of Jefferson county there were two actions pending.   One an action of covenant, by James Summerville against James Painter and Robert Painter, to September Term 1857, No. 47, the other an action of *assumpsit*, by Robert Painter against James Summerville, to December Term 1857, No. 41, both of which were connected with or arose out of the same transaction.

On the 29th of July 1838, Robert Painter filed his *narr.*, and entered a rule of reference under the Compulsory Arbitration Law.   Under this rule arbitrators were chosen on the 14th of August 1858, who were to meet on the 27th of August 1858. Several adjournments were had, the last of which was until the 14th of October 1858.

On the 14th of October 1858, the parties and the arbitrators

met, and after a partial hearing of the cause, both parties concluded that the cause was not a proper one to be arbitrated, and agreed that the rule of arbitration should be stricken off, and that no other rule of arbitration should be entered in the cause; Summerville to pay the costs of the arbitrators, but to recover them back in the event of his final recovering in the suit, the other costs to abide the event of the suit. After this agreement the cause was put at issue, and was once upon the trial list, but was continued at the costs of defendant.

On the 25th of August 1860, James Summerville and Robert Painter entered into a written agreement to refer both the action of covenant, James Summerville v. James Painter and Robert Painter, No. 47, September Term 1857, and the action of *assumpsit*, Robert Painter v. James Summerville, to three arbitrators named in the agreement, their award or the award of a majority of them, to be final and conclusive in both cases.

The submission purports to have been made under the Act of the 16th of June 1836, and the parties agreed that the submission shall be made a rule of court.

By the terms of the submission the arbitrators were to meet on the 11th day of October 1860. On that day the cause was adjourned by agreement of the parties until the 7th day of November 1860. On the 7th day of November 1860, the parties again agreed to adjourn until the 26th day of November 1860, both adjournments being at the instance of Mr. Summerville.

A day or two previous to the 26th of November 1860, the attorneys of the parties agreed to another adjournment, but no notice of this was given to Robert Painter. On the 26th of November the arbitrators met and made out an award in favour of the Painters in both cases.

The counsel for the Painters subsequently agreed in writing to set aside this award, and refer the case back to the arbitrators. The agreement to refer back was made on the 11th of December 1860, and by its terms the time of the meeting was to be fixed by the counsel.

On the 11th day of January 1861, the counsel of the respective parties fixed the time and place of the meeting of the arbitrators, viz., the 25th of January 1861, at the Court House, in the borough of Brookville.

On the 24th day of January 1861, the day previous to the day fixed for the meeting of the arbitrators, James Summerville by writing revoked the submission, and served a notice of the revocation on the counsel of the Messrs. Painter, and also upon the arbitrators, but on the 25th of January 1861, Robert Painter called the arbitrators together, who proceeded to a hearing of the case *ex parte*, and made out an award in both cases in favour of the Messrs. Painter.

112 SUPREME COURT [*Pittsburgh*

[Summerville *v.* Painter.]

Within the twenty days allowed by the rules of court, Summerville filed exceptions to the award, and moved to set it aside. The counsel for the Painters also moved the court to enter judgment on the award.

The exceptions were as follows :—

1. The arbitrators met and heard the case *ex parte*, and made out their award of the 26th November 1860; after the parties, plaintiff and defendant, had agreed to an adjournment, of which adjournment the said arbitrators had notice.

2. The award by the said arbitrators on the 25th day of January 1861, was made without authority, the submission under which the arbitrators assumed to act having been revoked before the meeting of the arbitrators on the said 25th January 1861, of which revocation the said parties and arbitrators had notice.

3. The said arbitrators proceeded to an *ex parte* hearing and determination of said cases, after notice of the revocation of the agreement of submission.

4. The arbitrators neglected to give the said Summerville a credit of the amount of a note held by him against Robert Painter, amounting to about the sum of $130, and a receipt for about $12, which amounts the said Robert Painter admitted to the said arbitrators to be correct.

5. The submission itself was invalid and void, not having been executed by James Painter, one of the parties to the action of covenant No. 47, September Term 1857.

The court below (McCalmont, P. J.), on argument, dismissed the exception, and directed the entry of judgment upon the awards in the respective cases, which was the error assigned.

The case was argued in this court by *B. F. Lucas*, for plaintiff in error, and by *David Barclay*, for defendants.

The opinion of the court was delivered, November 25tn 1862, by

Lowrie, C. J.—Owing to the indefiniteness of the *præcipe* for the writ of error in this case, we have had some difficulty in discovering which record is intended to be brought up. It ought to have been entitled James Summerville *v.* Robert Painter, and to have directed the prothonotary to issue a writ of error to the Court of Common Pleas of Jefferson county, to remove the record of a certain action in that court, wherein the said Robert Painter is plaintiff, and the said James Summerville is defendant, being No. 41 of December Term 1857. Every *præcipe* for a writ of error ought to be thus definite, if the plaintiff in error desires to enforce obedience to the writ:

There is no disobedience here ; for the court below has sent us the proper record and another besides. This is more than enough.

[Summerville *v.* Painter.]

Though there is one paper that is common to both suits, we can review only the one record on this writ.

The argument is that the submission in this case is void, because it was signed only by Robert Painter, and yet included another case in which both Robert and James Painter were defendants, and Summerville plaintiff. We do not think so. Summerville admitted Robert's authority by entering into the submission with him and trying what he could gain by it, and rues only when he fails, and then it is too late to rue. Besides, the cases are *several*, and therefore the submission must be treated so, and is binding for this case if not for the other. The other exceptions relate to facts not appearing of record, and cannot be considered here.

Judgment affirmed.